Respondent at the meeting, arguing on behalf of Petitioner Appellant, Attorney Mr. Paul Reset, arguing on behalf of the Respondent at the meeting, Attorney Mr. Paul Reset. Mr. Reset. Thank you. Good afternoon, Your Honors. May it please the Court, the Council, my name is Paul Reset, I'm an Assistant Attorney General for the State of Illinois, and I represent the Illinois Department of Healthcare and Family Services. This is a child support matter. The Department filed an International Uniform Child Support Petition on behalf of a custodial parent, the mother, who lives in Mexico, and two minors, daughters, that also live in Mexico, to get child support from the non-custodial parent, the Respondent, who lives here in Illinois in McHenry County. Mr. Reset, is it your position that the Family Support Act creates a duty of support, and if so, where do you find that specifically in the language of the statute? I don't believe that the statute itself creates the duty of support, it's a mechanism to enforce support obligations. There are reciprocal agreements between Illinois and the other 49 states, and then also between Illinois and certain countries that enter reciprocal agreements with Illinois, and Mexico is one of those countries. Well, Mexico did not have a support order in place, did it? Right, right. There is no, this was the first support order that was sought when these girls became teenagers, in fact. Does the Uniform Support Act authorize the court to render a judgment relating to child custody? No, it doesn't, Your Honor. There's another statute that in some circumstances does, but no one is seeking custody in this case, and no one is asking for a parentage determination. There's only a support order being sought. Doesn't one come before the other? I mean, parentage determination come before support? Well, only if the issue is disputed, Your Honor, and in this case, no one's asking the circuit court to make a parentage determination or a custody determination. In fact, Alfredo repeatedly made admissions in the circuit court that he is the non-custodial parent of these two girls. So there was never an issue whether he was their father and whether he has custody. In fact, the girls have lived in Mexico their entire lives, and he left the family in 2005 and has been living in Illinois for a number of years, where he's now started a second family with another, with a parent. All right, so pursuant to what section of the statute, then, would a support order be appropriate in this case? Well, the statute allows two different things. You can either, if there's already a support order entered in the other jurisdiction... Well, we know that's not the case, but here, where... Right, you can either register and enforce that, or you can actually come here and ask the court, because the court has personal jurisdiction over the respondent, so... Well, based on what would the court issue the support order? Because the act allows someone from another state or country who's part of this reciprocity to file a petition here without coming here. They're not required to come here under the statute. They just have to file a petition, and they have to have a sworn general testimony that's notarized, which Nora Nieto did here. And then that's one of the options. This court, then, there's no problem with personal jurisdiction over the person who owes support because he lives here. And obviously, Mexico couldn't exercise personal jurisdiction over anyone. Section 401C, and that's of the new statute. We have to be applying the new statute, correct? The revised statutes, the 2015 revisions? Correct. Okay. Says, upon finding, after notice and opportunity to be heard, that an obligor owes a duty of may issue other orders pursuant to section 305. So the court has to find that there is a duty of support owed, correct? Right, right. So pursuant to what? Well, it's uncontested that he is the father and that the mother has custody. So the person who's a noncustodial parent always owes support. The only issue is how much support. So the court will look at the financial circumstances of the father and of the mother and decide that. But those are the predicates to owing support. But just before we get there, though, there is another section of this statute, and I wanted to ask you about it, section 303, that says that except as otherwise provided in this act, a responding tribunal of this state shall apply the procedural and substantive law generally applicable to similar proceedings originating in this state. Well, didn't the court have to do that here in order to issue this and find a duty of support? Yes, but even if... And so what were the statutes it had to look to? What were the choices? When it's a situation like this, where some of the family members live outside of Illinois, only this statute is applied. It doesn't apply the Parentage Act. It doesn't apply the Marriage and Dissolution of Marriage Act. And where do you find that? Based on what? There's no case law, right, we can look at? There's very little law in this statute, even though it's been around for 20 years. I think that there hasn't been a lot of litigation, frankly, because it's a very common sense application, just as if it's only really an issue of whether it's personal jurisdiction over the respondent, the person that owes the support. And let's say that everyone did live in Illinois and parentage was uncontested and so was custody, then there'd be no block to the court awarding support. But that's not the situation we have here. And that's not the purpose of the Uniform Family Support Act. It is that purpose. That they're all living in Illinois. No, no, but what you're saying is that the court can't enter a support order because nothing has happened yet, but... No, I think I'm asking if the Uniform Family Support Act itself creates a duty of support, which is what I believe you're saying, correct?  Correct. And there's also... So why did the legislature include sections 303.1 and 2? Well, I don't know that those undercut that. I mean, they may be superfluous or additional. Those sections weren't briefed. So, you know, I'm a little at a disadvantage today to address those. If the court would like supplemental briefing, I'd be happy to do that. But let me ask you this. If it were, if you had a, if this, what was the woman's name? I can't remember. Nora. Nora lived in Iowa. Correct. And Alfredo lived in Illinois. Are you submitting it would be no different. Correct. The act applies to either other states or other countries that have entered a reciprocal agreement with Illinois. And the whole purpose is that you don't want the non-custodial parent fleeing the jurisdiction to try to avoid child support. For example, if, if the whole family had been here and then the father moves to Iowa, should the mother and the kids have to move to Iowa to try to get child support? Of course not. And then what did they do? And then he moves again and they play this game of leapfrog all around the country. So this was meant as a remedy so that this could not happen. And again, I mean, Alfredo's rights are protected because he's here. He's subject to personal jurisdiction. He did participate. He had an attorney. So he can argue that he doesn't know support, but I don't understand on what basis where he is the acknowledged father. And it's clear that the mother has had custody for years and years while he has started a new family here with a, with a paramour. So you're saying it wouldn't make sense to require her to get a custody order or a duty for him to support the children? Well, she is trying to get a child support amount. You know, even if, like I said, even if all the family lived here, if parentage and custody are not in dispute, courts don't need to determine that before awarding support. Well, wait a minute, but that, that ignores C. I mean, it, it says in 401C, upon finding after notice and an opportunity to be heard that an obligor owes a duty of support. The court can't just walk in and issue an order saying you owe support without finding according to what the statute says that there is a duty of support. So the court would have to make a finding that he is the acknowledged father and he can either do that via the parentage act or there's the marriage and dissolution act of factual, there was a different factual situation, but the court just can't walk in and willy nilly issue an order of support and ignore 401C? Well, 401C is meant for many cases, the parent may dispute parentage or their custody may be in dispute. So in those cases, you would have to decide because if you're not the parent, you don't have to pay support. And if you have custody, you don't pay support. You only pay it if you're the noncustodial parent. So in those rare cases where it's undisputed as here that he's both the father and the custody is with the mother, all that's left to do then is to set the proper amount of support. I mean, what else, what fact finding would there be for the court to do if he's the admitted father and the mother admittedly has custody and he's not seeking custody? She didn't ask for a parentage finding. No, she doesn't need to. Well, it's undisputed. I mean, if he wants to try to go and litigate parentage and have DNA tests and all that, I suppose we could do that. But he's admitted in his reply in support of the motion to dismiss, which is framed like an answer that he is the noncustodial parent. So that's admitting both that he's the parent and that the mother has custody. So from that, all that's left is support. All the court has to do is look at his financials and her financials and set up an appropriate support amount. And didn't he say he was the parent, but he couldn't support them because if he supported them, he wouldn't be able to support his children here. That's what he said. But he also had some things on his affidavit, like $150 for cable TV and a cell phone and extraordinarily high transportation expenses. So, um, but still that would not be a defense. I mean, you don't sure could do this to your older children because you decide to have two more here with a different person. You never want to be the children of a first marriage. It's the only marriage at this point. There's never been a divorce. So unless the court has further questions, I'll save my remaining comments for rebuttal. Anything further? Thank you. Well, I have a question. The trial court, correct me if I'm wrong. The trial court decided that in order to enter a support order, it would simultaneously effectively be entering an order relating to custody or parentage. Or was it one or the other? Uh, the court was looking at a provision, uh, section 1482 of the Parentage Act, which says that if a parentage judgment is entered, and remember, no one sought or obtained a parentage judgment in this case, and that parentage judgment is silent on the issue of custody, that if the court either, uh, sets a support obligation or visitation rights, that would be an implicit custody finding, because you don't give visitation rights to the one who has custody, and you don't make the custodial parent pay support. But here, there never was a parental judgment, so none of that language even applies. And because the department wasn't seeking, uh, paternity, uh, or parentage judgment, the court shouldn't even have been looking at the Parentage Act, because the only issue was support, uh, not parentage. So, so the court just kind of went off to a spot, and this is not something that Alfred was arguing, and we think that confused reading, you know, a section that just doesn't apply to the situation here. Thank you. Thank you, sir. Yes, wait. Good afternoon. Um, I'm just going to start by clarifying a couple of points. I'm not trying to suggest the state of Illinois doesn't have an obligation to enforce a support order entered by another state or another country. It absolutely does. We're not trying to suggest that we're rendering any statute a nullity at all. What I'm suggesting, which I think the panel has, uh, has correctly identified, there's a preliminary step to that. Despite what we think is morally correct, a parent does not have a legal obligation to support their child unless there is a determination of parentage, a divorce, or the state is paying benefits and the state is seeking reimbursement. Didn't he agree that he's the father? He agrees that he's the father, but he doesn't have an obligation of support, and the term custody, in terms of his pleadings, he's talking about the kids live there, he lives here. There's been no determination of custody. So the term custody in a lay person's use of the word, like who has the possession of the children versus who has the legal custodial rights, there, there's a, there's a distinction between those two. So my example that I put in, I said to the trial court, and again, my brief, if I'm living in the state of Illinois with my child and my husband moves to Iowa, but we don't get a divorce, right? I don't have any right to ask the state of Iowa to make him pay support because they would be entering a support order without a custody agreement. I would have to file for a divorce first, get a custody determination. Now I might say I have custody of my child because he's physically present with me, but that's not the same thing. Well, you could also file a separation action, couldn't you? You could, but none of that was done in this case. Would it be any different if you were living in Illinois and you were receiving funds from the federal government? Yeah, well. And then they proceeded against your husband living in Iowa to get reimbursed for what they were paying you. I think so, but that's also not this case. I think the state of Illinois can proceed against somebody saying, look, we've paid benefits that are the types of expenses that a parent should normally be paying for, like health insurance coverage and food and things like that. So how's that any different? Because in those cases, the state has a, has a different interest than what we have here. But I mean, you just said they would pay, he would have to pay what a parent is normally required to pay, that being food, blah, blah, blah. Why isn't he obligated to pay that here? It's a creation of statute. It's a, it's a, an existing, a duty created by statute versus a duty created by other law. So there is no similar defined statutory duty in the present case. Ms. Nuno's financial affidavit states she did not receive any benefits from the government. And while the consulate may have helped her fax the document, the petition was not by Mexico saying, listen, we've paid benefits, you need to reimburse us. That's not the same. Because I think if my husband went off to Iowa and I was getting, and I were getting the state aid, that the state of Illinois could say to Iowa, you need to reimburse us for the WIC money that we've paid to the mom of this child. Right. But that's, that's a statutorily created exception that reflects the public interest of taxpayers who are financing, you know, children. I don't want to be encouraging any parent to flee to another state or another country. And that's not what I'm asking for in this. But that's not the situation either. The parties had an agreement. It sounds like what you're arguing is, is that the act is vehicle to either register or to enforce a order from a different jurisdiction or to order support based upon some statutory duty, which is not otherwise contained in this vehicle. Precisely. And until you get to that underlying duty, that the statutory creation of a duty because of state paid benefits or a determination of custody in a court proceeding, there is no legal obligation of paying support. So you get to, you're putting the cart before the horse and jumping, jumping the gun on this entire analysis. And Judge Harmon agreed with me. And I think he understood what my premise is. There has to be some other action. If, if Ms. Nieto went and filed for divorce in Mexico and got a divorce in Mexico, and there was a support order sent in, sent in Mexico, the state and governor would have an obligation to support, to enforce that, that supporter. I agree with that. But none of that has happened. Well, of what significance is it that the father admitted he was the father? It's, it's no different than my husband who goes to Iowa saying, yes, this child is mine, but it doesn't change the, the legal obligation because there's no legal determination of custody. As that goes back to my distinction, it's one thing to say I have custody because you have possession versus a legal document that gives you custody, which is a different animal. And it's that different animal that creates the obligation to pay child support. And is that why we have 301 A and B? That's why we have 301 A and B and, so the courts are to apply the procedural and substantive law generally applicable to similar proceedings originating in this state and may exercise all powers and provide all remedies available in those proceedings and determine the duty of support and the amount payable in accordance with the law and support guidelines of this state. Yes. And I think that the original pleadings in this case were in accordance with the statute because originally there was a petition filed, but it was never served. No action was ever taken on it. The original petition for support was filed in July of 2013. Subsequently, I think over a year later, my client filed a petition for dissolution of marriage. I would agree that while that proceeding is pending, that there is a claim for child support that that changes the dynamic and it changes the application of statutes. But then that petition for dissolution of marriage was voluntarily dismissed. So there is no longer a mechanism for the determination of custody that's pending. So Ms. Nieto would need to initiate such an action and then she would potentially be entitled to support. But we haven't reached that point yet. And you can't just jump ahead and say anyone can get support. The reality as a taxpayer of the state of Illinois, if we allow what the attorney general is suggesting to become the law of the state, we're going to have an influx of people saying I want to have support paid all over the world. And we're going to be deciding essentially de facto custody on the state of Illinois's dime, which it's completely contrary to the interest of the statute. The interest of the statute are not in dispute as far as they're responding to this concern. The interest would be you enforce another state, another country's order. Am I correct in assuming that what you're saying now is that this vehicle, if the attorney general's position is taken, will become a backdoor means to create de facto a cause of action that would require the court to have an order for support? It will be a flood of money going out of this country to other countries and other places. Well, it's not taxpayers' money. Well, some say it is because taxpayers' money will be paying the cost to do this, to get support for people. I mean, the floods of money aren't going to be going out of the country from the taxpayers. It's going to go out of the country from a man who is obligated to support his children. Correct? I'm not sure I heard the first part of what you're saying. I said the money flying out of the country is not taxpayer money. It's money that's due and owing to by a man who has a duty to support his children. Well, let me go back. I'm not sure that we have that obligation set yet, and that's my issue. I don't think that there is an obligation necessarily. But what I'm saying is that the state is going to be spending a lot of money to be prosecuting actions to get payments going to other places, other states or other countries, when the money should probably be used to support children here. So what you're saying is if somebody... Unless there's... Go ahead. Unless there is an obligation to pay some other... I'm not saying circumvent the... If there's an obligation to pay to support another child somewhere else, that's not what I'm talking about. But until there is that support order that's validly entered, I don't think we want the state of Illinois to be the place that everyone can be coming to get support paid without a determination of custody. So, in other words, if someone walks in and says, I'm the father, that's not sufficient. There has to be a legal determination of parentage? Is that what you're saying? Correct. First... Because... So there has to be... Is it prerequisite? The... It depends on what you're talking about. If you're talking about in a conversation saying, I'm the father, then there's no legal  But what about in this case? But if pleading not to support... Where he came in and said, I'm the father. But there's still no custody determination. See, I think the issue that whether or not he's a father, he's admitted that he's a father. There's no question he's a father. Perhaps I might buy your argument that you might have a woman coming in from Mexico saying, I have custody and I want to be paid, when in fact the children may not be with her. They may be with her mother or sister in another country. And so she's figuring, hey, this is a way to get some money. I'll go in and say, I have my kids and I need money from the father of the kids. That would be more my concern than somebody who is not really the father. If he admits he's the father, who's the father? But admitting that he's the father in a conversation is not the same thing as having a judge and... How about in a court of law? But he's in a court of law and he admits that he's the father. He makes judicial admission. I am the father of these children, but I can't pay for them because if I pay for them, I can't support my children here. There has to be that finding of custody somewhere else. The issue is not whether or not he's the custodial father or the father. The issue is, is she the custodial mother? I think that's what you're mixing up. That's the issue. Not the issue that money's going to be flying out of this country to support others that aren't in this country. The issue is, do we believe a woman who comes in and says, I have custody of these children and I need pay? How do we know she has custody? Wouldn't that be the better argument? Yes, absolutely. But she didn't ask for a parentage determination. She did not. But she would have had to do that, would she not? Absolutely. That's where I think that the first step was not met for her to determine that she is the custodial parent of the child. That has not happened yet. And without that, the court does not have jurisdiction or authority to order child support. And I guess my point was about money flying out of the state of Illinois. My point was about having the Attorney General bringing these actions and wasting taxpayer money on bringing actions where we don't know who the custodial parent is because there's been no determination of that yet. And that's not how the state of Illinois should be spending their money. Nobody knows how the state of Illinois should be spending their money. That's why we're sitting March 1 without a budget. So any other questions? Thank you very much. Come on back up, Mr. Rossetti, and let's address the issue of custody. And your opponent seems to believe that you need to have a custody determination before you have a child support duty or obligation. And as I said, what is to preclude a woman coming in from another state, another country saying, I'm the mother. I have custody. He owes money. How do you know she really has custody? Well, I mean, if the father disputes it and says, in fact, I have custody, then it would be an issue. She doesn't have custody. The kids are with somebody else. But no matter what state is involved or country, they have an equivalent of our department that vets these things. She went to Mexico's equivalent of the department, asked them for help. They came through the Mexican consulate to us. But they don't come through a department. Why does she just come through herself? I mean, there could be fraud in rare cases. And hopefully that wouldn't happen. That could happen to people that live here as well. A mother could have her kids with her sister in another town. It's no different. Right. Right. But isn't that the reason why you should probably have a step of determining custody first and then child support second? Well, I think just like any case, parties can stipulate the facts, whether this is a tort case, contracts case, whatever. And the parties have an agreement that he is the father and that she is the custodial parent. So why should a court waste its time finding facts that are undisputed? That's what our position would be. If Alfredo was disputing that she had custody or if he was the father, that would be a different issue. But there are other statutes that would come into play then. But the language of the statute requires it. When you say, why should a court waste its time? It seems to me the plain language of the statute here requires it. Well, it says if there's a finding that support is owed, but- Not if there's a finding. It says upon finding, after notice and opportunity to be heard. So the court needs to make a finding. Right. And the things you look at to decide whether support is owed is, are you the father and who is the custodial parent? And if those things are undisputed, then the court can say, what flows from those undisputed facts? The fact that Alfredo owes support? Now, let me know what his income is, what his expenses are, what he should pay for these two girls that he left behind in Mexico. Now, regarding two of the side issues that counsel brought up. First, whether the custodial parent receives public aid is irrelevant. There's an Illinois Supreme Court case called Laffey that says that the department can help any custodial parents obtain child support because we want to catch things before they're on public assistance, not wait until there's a horrible situation. So that's a red herring to say that Nora is not receiving public aid, either from Illinois or Mexico. The other issue is she's now arguing that there's no legal duty of support owed by Alfredo that was never argued in the search. She said I have good custody of the children. Is she saying I have legal custody based upon a court order entered someplace? Or is she saying I have actual custody of the children? Well, no court order has ever been entered until this. I don't know. I'm asking you what she's saying, not what happened. Because right under the law, there is physical custody and legal custody because he basically abandoned the family. She has custody de facto. She never went to physical custody, right? And legal because she didn't ask for a legal determination of custody. She did not ask for a court order granting her legal custody to the exclusion of him. Right. They both had custody of the actual parents. How is it possible that if she's not asking for that relief, there is in fact a custodial order placing custody with her? If she isn't asking for it and one hasn't been presented previously, right, then isn't there a sonic one on a first step in the process or at least a simultaneous step, which is if the judge is going to enter a support order, he would have to say, is everybody in agreement that I'm going to enter a custody order granting her custody? He doesn't have to do that to award support. Support is a discrete issue. And Alfredo has conceded that Nora has custody of the children and has not shown any interest in fighting for custody. He hasn't necessarily conceded what I asked you, which is, has there been a judicial determination that custody was granted to her? The parties agree that there's been no court order regarding custody issued by either the Mexican court or by a U.S. court. Having physical or actual custody is not the same thing as having legal custody. But it's when you talk about that's the parent that the support flows through because they're the ones that are raising the kids and spending the money on the food and the clothing. That's the support goes to the custodial parent. That means physical custody. And typically there would be legal custody as well. Even if you think about a family in Illinois, let's say that they were never married and that they break up and the father says, you know what, you can have the kids. You'd be the better parent. I'm too busy with my job. She doesn't need to get a legal determination of custody before she can seek support from that man. She doesn't have to refer to the Parentage Act under that situation? No, if he admits that he's the father and if he admits that he does not have custody or want custody, she can go and get support because those are the two predicate facts. But if they're stipulated, there's no reason to litigate them. I mean, we could go through that stuff. If you know, sometimes in domestic situations, people want to contest every issue and afraid it could have said, I'm not sure that I'm the father, prove that she has custody and that could have become an issue. But that's not what happened here. So we would ask that you reverse the order dismissing the petition and remand for a calculation of the proper amount of support owed. Thank you. Thank you. Thank you both for your arguments here today. We will take this case under consideration on your decision in due course. We're in brief recess until our next case. Thank you. Safe travels back.